**In re Robert L. KALMAR, Debtor.**

**Sara J. Daneman, Trustee, Plaintiff,**

**v.**

**Bank One, N.A., Defendant.**

**Bankruptcy No. 00–55792.
Adversary No. 00–0508.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 7, 2002.

Sara J. Daneman, Esq., Gahanna, OH, for Plaintiff/Trustee.

Tyson A. Crist, Esq., Victoria E. Powers, Esq., Schottenstein, Zox & Dunn, Columbus, OH, for Defendant.

Louis W. Cennamo, Esq., Columbus, OH, for Debtor.

### *OPINION AND ORDER ON PLAINTIFF'S COMPLAINT TO AVOID PREFERENTIAL TRANSFER*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the complaint of Sara J. Daneman, trustee, to avoid an allegedly preferential transfer to defendant Bank One, N.A. On November 7, 2001, the Court denied the parties' crossmotions for summary judgment on the basis that a genuine issue of material fact remained for trial. On January 8, 2002, this matter was tried to the Court.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F).

The parties, prior to trial, entered into the following stipulations:

1. The debtor, Robert Louis Kalmar, filed a petition for relief under chapter 7 of the Bankruptcy Code on June 29, 2000.

2. On or about June 29, 1995, the debtor obtained from the defendant an unsecured line of credit with account number 898380000135482.

3. Prior to the petition filing, the debtor's son remitted $10,611.08 to the defendant in order to pay off this line of credit.

4. The debtor's son made this payment by check dated May 24, 2000, and drawn on his e-trade account.

5. The debtor's son's e-trade account is not a joint account and is solely his property.

6. A true and accurate copy of the check, identified by the debtor's son during his deposition on June 12, 2001, the authenticity and admissibility of which is agreed, was marked as the defendant's exhibit A and attached to the stipulations.

7. At the time the debtor's son made the payment to defendant Bank One, he was not indebted to the debtor.

8. The debtor did not give his son any property in exchange for making the payment to Bank One.

█ Title 11, United States Code, section 547(b) provides that a trustee may avoid any transfer of an interest of the debtor in property to or for the benefit of a debtor; made on account of an antecedent debt; made while the debtor was insolvent; made within 90 days of the filing of the debtor's petition; and which enabled the creditor to receive more than such creditor would have received had the transfer not been made and the creditor received a distribution under chapter 7. The trustee must establish each of these elements by a preponderance of the evidence in order to avoid and recover an alleged preference. *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir.1996).

The only element of § 547(b) that the parties dispute is whether the payment to Bank One by the debtor's son constituted a transfer of an interest of the debtor. Therefore, the remaining elements of a preference are deemed to be established.

█ As set forth by the parties in their memoranda in support of summary judgment, the dispute involves application of the so-called "earmarking" doctrine to the Bank One payment. This doctrine recognizes that "[w]hen a third person loans money to a debtor specifically to enable him to satisfy the claim of a designated creditor, the general rule is that the proceeds are not the property of the debtor, and therefore the transfer of the proceeds to the creditor is not preferential." *Mandross v. Peoples Banking Co. (In re Hartley)*, 825 F.2d 1067, 1070 (6th Cir. 1987) (citing 4 *Collier on Bankruptcy* ¶ 547.03, at 547–25 (15th ed.1987)). The trustee points out, however, that this general rule is inapplicable in cases where the debtor exercised control over the transaction. Such control may be manifested by the debtor's transfer of property to the third party as an inducement to making the payment or by the debtor's designation of the payee. *See Rabin v. B & M Realty Corp. (In re Plechaty)*, 201 B.R. 486, 492 (Bankr.N.D.Ohio 1996).

In denying the parties' crossmotions for summary judgment, the Court found that the extent of the debtor's control over the $10,611.08 payment was a genuine issue of material fact, the determination of which required a trial. While the parties had each selected excerpts from the deposition of the debtor and his son that tended to support their respective positions, the Court stressed the need for live testimony. Shortly before trial, the Court was informed of the debtor's death. As a result, the debtor's prior deposition became admissible pursuant to Fed.R.Civ.P.

32(a)(3)(A) and Fed.R.Evid. 804(b)(1) in lieu of live testimony.

Because the debtor did not give any security for the son's loan, the trustee attempted to show his control over the transaction by designating Bank One as the payee. The evidence did establish that the debtor, and not his son, determined that Bank One was the entity to be paid. The Court does not believe, however, that this fact alone establishes the debtor's dispositive control. Other facts point to a different conclusion. These include the son's sole control over his e-trade account and his direct payment of the amount owed to Bank One from that account. Most notable is the lack of support for any notion that the debtor's son would have lent his father the $10,611.08 without assurances that the Bank One account would be paid in full.

In conclusion, the Court finds the transaction in this case to be analogous to that in *Virginia National Bank v. Woodson (In re Decker),* 329 F.2d 836 (4th Cir.1964), a decision cited with approval by the Sixth Circuit in *Hartley* and distinguished by Judge Snow in *Plechaty.* The facts in that case involved a payment of $8,000 by the debtor's sister to the debtor's bank to cover certain overdrafts. The debtor in *Decker* had used the possibility of his criminal prosecution for the overdrafts to talk his sister into making the loan. 329 F.2d at 837–38. Under these circumstances, the Fourth Circuit applied the earmarking doctrine and determined the sister's payment to be preferential only to the extent of the value of the forty-five shares in the Berkeley Community Swimming Pool, Inc. which the debtor had delivered to her. *Id.* at 840. The fact that the debtor in *Decker* had selected the bank as payee was, thus, nondispositive to the issue of control.

Based on the foregoing, the Court finds that the trustee failed to establish that the $10,611.08 paid to Bank One represented a transfer of any interest of the debtor. Accordingly, her preference claim must fail. Judgment shall be entered in favor of the defendant.

**IT IS SO ORDERED.**